19708/052203

# UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| HASTINGS MUTUAL INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>WIENMAR, INC. d/b/a MARBLE WORKS and JUAN RODRIGUEZ,<br><br>Defendants. | No. |

## **COMPLAINT FOR DECLARATORY JUDGMENT**

NOW COMES the Plaintiff, HASTINGS MUTUAL INSURANCE COMPANY ("HMIC"), by and through its attorneys, CASSIDAY SCHADE LLP, and for its Complaint for Declaratory Judgment against the Defendants, WIENMAR, INC. d/b/a MARBLE WORKS ("Marble Works"), and JUAN F. RODRIGUEZ ("Rodriguez"), pursuant to the Declaratory Judgment Action, 28 U.S.C §§ 2201 and 2202, and Rule 57 of the Federal Rules of Civil Procedure, hereby states as follows:

## **INTRODUCTION**

1. This is an action for declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202, and Rule 57 of the Federal Rules of Civil Procedure, wherein HMIC seeks a determination of its rights and obligations under an insurance policy that it issued to Marble Works, including a declaration that HMIC does not owe a duty to defend or indemnify Marble Works in connection with an underlying lawsuit captioned: *Juan Rodriguez v. Wienmar, Inc. d/b/a Marble Works,* Case No. 2023-CH-000130, which is pending in the Circuit Court of Kane County, Illinois (the "Underlying Lawsuit").

## THE PARTIES

2. Plaintiff, HMIC, is an insurance company organized and existing under the laws of the State of Michigan, with its principal place of business in the State of Michigan.

3. Defendant, Marble Works, is an Illinois corporation with its principal place of business located in Kane County, Illinois.

4. Defendant, Rodriguez, is an individual and the plaintiff in the Underlying Lawsuit at issue in this Declaratory Judgment Action, a citizen of Illinois, and is named herein only for the purpose of binding him to any rulings issued by the Court in this Declaratory Judgment Action.

## JURISDICTION AND VENUE

5. This Complaint for Declaratory Judgment is brought pursuant to 28 U.S.C §§ 2201 and 2202, and Rule 57 of the Federal Rules of Civil Procedure.

6. An actual justiciable controversy exists between HMIC, on the one hand, and Marble Works, on the other hand, within the meaning of 27 U.S.C. § 2201 with regard to whether HMIC owes a duty to defend or indemnify Marble Works under an insurance policy HMIC issued to Marble Works for a Class Action Complaint alleging Marble Works' violation of statutory privacy rights under the Illinois Biometric Information Privacy Act ("BIPA"), as more particularly described below.

7. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and the suit is between citizens or entities of different states.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), (c) and (d) in that a substantial part of the events or omissions giving rise to this claim occurred in Kane County

situated in the Eastern Division of the Northern District of Illinois, and the underlying lawsuit is pending in Kane County.

## THE UNDERLYING LAWSUIT

9. On September 14, 2023, Rodriguez filed a Class Action Complaint in the Underlying Lawsuit against Marble Works for claims related to Marble Works' alleged violation of statutory privacy rights under the Illinois Biometric Information Privacy Act ("BIPA"). A true and correct copy of Rodriguez's Complaint in the Underlying Lawsuit is attached hereto and made a part hereof as Exhibit "A."

10. In his Complaint in the Underlying Lawsuit, Rodriguez alleges that he worked for Marble Works from July 30, 2018 to April 30, 2022, and that during this timeframe Marble Works required him to submit his fingerprint and/or palm print.

11. In his Complaint in the Underlying Lawsuit, Rodriguez alleges, on information and belief, that all of Marble Works' hourly employees were required to have their fingerprints or palm prints collected or captured for the ostensible purpose of time tracking, recording attendance, or authentication.

12. In his Complaint in the Underlying Lawsuit, Rodriguez alleges that he was never informed in writing that his biometrics were being collected or stored; the specific purpose and length of time for which his biometrics were being collected or stored; or the specific purpose and length of time for which his biometrics were being collected, stored, and used.

13. In his Complaint in the Underlying Lawsuit, Rodriguez alleges that he never executed a written release permitting Marble Works to use, collect, capture, or store his biometrics. Rodriguez further claims that he was never provided with a publicly available written

policy regarding a schedule or guideline for the retention and permanent destruction of his biometrics.

14. The Underlying Lawsuit's Complaint contains a single count for violation of BIPA wherein Rodriguez alleges that Marble Works violated BIPA by failing to publicly provide a retention schedule or guideline for permanently destroying biometric identifiers and biometric information it collected from its workers; failing to inform Rodriguez and putative class members in writing that their biometric identifiers or information were being collected and stored; failing to inform Rodriguez and putative class members in writing of the specific purpose and length of terms for which their biometric identifiers were being collected, stored and or used; and failing to obtain written releases from Rodriguez and putative class members before it collected, used, or stored their biometric identifiers.

15. In the Underlying Complaint, Rodriguez requests statutory damages, injunctive relief, litigation expenses, attorney's fees, and interest.

**THE INSURANCE POLICY**

16. HMIC issued its Commercial Package Policy No. CPP 634120 to Marble Works, which includes Commercial General Liability insurance, for the policy period of September 1, 2023 to September 1, 2024 (the "CPP Policy"). A true and correct copy of the CPP Policy is attached as Exhibit "B."

17. The CPP Policy contains Commercial General Liability Coverage Form CG 00 01 04 13, which states, in part, as follows:

> **COMMERCIAL GENERAL LIABILITY COVERAGE FORM**
>
> Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered.

Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy. The words "we," "us" and "our" refer to the company providing this insurance.

The word "insured" means any person or organization qualifying as such under Section **II** – Who Is An Insured.

Other words and phrases that appear in quotation marks have special meaning. Refer to Section **V** –Definitions.

**SECTION I – COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1. Insuring Agreement**

**a**. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.

**b**. This insurance applies to "bodily injury" and "property damage" only if:

**(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory;"

**(2)** The "bodily injury" or "property damage" occurs during the policy period; and

**(3)** Prior to the policy period, no insured listed in Paragraph **1**. of Section II – Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period….

. . .

**2. Exclusions**

This insurance does not apply to:

**e. Employer's Liability**

"Bodily injury" to:

**(1)** An "employee" of the insured arising out of and in the course of:

**(a)** Employment by the insured; or

**(b)** Performing duties related to the conduct of the insured's business;….

**q. Recording And Distribution Of Material Or Information In Violation of Law**

"Bodily injury" or "property damage" arising directly or indirectly out of any action or omission that violations or is alleged to violate:

**(1)** The Telephone Consumer Protection Act (TCPA),

including any amendment of or addition to such law;

**(2)** The CAN-SPAM Act of 2003, including any amendment of or addition to such law;

**(3)** The Fair Credit Reporting Act (FCRA), and any amendment of or addition to such law, including the Fair and Accurate Credit Transactions Act (FACTA): or

**(4)** Any federal, state or local statute, ordinance or regulation, other than the TCPA, CAN-SPAM Act of 2003 or FCRA and their amendments and additions, that addresses prohibits, or limits the printing, dissemination, disposal, collecting, recording, sending, transmitting, communicating or distribution of material or information.

. . .

**COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY**

**1. Insuring Agreement**

**a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply….

. . .

**2. Exclusions**

This insurance does not apply to:

**a. Knowing Violation of Rights of Another**

"Personal and advertising injury" caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury"….

**c. Material Published Prior to Policy Period**

"Personal and advertising injury" arising out of oral or written publication, in any manner, of material whose first publication took place before the beginning of the policy period.

**p. Recording And Distribution Of Material Or Information In Violation of Law**

"Personal and advertising injury" arising directly or indirectly out of any action or omission that violations or is alleged to violate:

**(1)** The Telephone Consumer Protection Act (TCPA), including any amendment of or addition to such law;

**(2)** The CAN-SPAM Act of 2003, including any amendment of or addition to such law;

**(3)** The Fair Credit Reporting Act (FCRA), and any amendment of or addition to such law, including the Fair and Accurate Credit Transactions Act (FACTA): or

**(4)** Any federal, state or local statute, ordinance or regulation, other than the TCPA, CAN-SPAM Act of 2003 or FCRA and their amendments and additions, that addresses prohibits, or limits the printing, dissemination, disposal, collecting, recording, sending, transmitting, communicating or distribution of material or information.

. . .

**SECTION V – DEFINITIONS**

**1.** "Advertisement" means a notice that is broadcast or published to the general public or specific market segments about your goods, products or

services for the purpose of attracting customers or supporters….

**3.** "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time….

**5.** "Employee" includes a "leased worker." "Employee" does not include a "temporary worker"….

**10**. "Leased worker" means a person leased to you by a labor leasing firm under an agreement between you and the labor leasing firm, to perform duties related to the conduct of your business. "Leased worker" does not include a "temporary worker"….

**13.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

**14.** "Personal and advertising injury" means injury, including consequential "bodily injury," arising out of one or more of the following offenses:

**a.** False arrest, detention or imprisonment;

**b.** Malicious prosecution;

**c.** The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

**d.** Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

**e.** Oral or written publication, in any manner, of material that violates a person's right of privacy;

**f.** The use of another's advertising idea in your "advertisement;" or

**g.** Infringing upon another's copyright, trade dress or slogan in your "advertisement."

**17.** "Property damage" means:

**a.** Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

**b.** Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

For the purposes of this insurance, electronic data is not tangible property….

**19.** "Temporary worker" means a person who is furnished to you to substitute for a permanent "employee" on leave or to meet seasonal or short-term workload conditions.

* * *

15. The CPP Policy also contains an endorsement entitled Exclusion – Access Or Disclosure Of Confidential Or Personal Information And Data-Related Liability – With Limited Bodily Injury Exception (Form CG 21 06 05 14), which states as follows:

**EXCLUSION – ACCESS OR DISCLOSURE OF CONFIDENTIAL OR PERSONAL INFORMATION AND DATA-RELATED LIABILITY – WITH LIMITED BODILY INJURY EXCEPTION**

The endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**A.** Exclusion **2.p.** of **Section I – Coverage A – Bodily Injury And Property Damage Liability** is replaced by the following:

**2. Exclusions**

This insurance does not apply to:

**p. Access Or Disclosure Of Confidential Or Personal Information And Data-Related Liability**

Damages arising out of:

**(1)** Any access to or disclosure of any person's or organization's confidential or personal information, including patents, trade secrets, processing methods, customer lists, financial information, credit card information, health information or any other type of nonpublic information; or

**(2)** The loss of, loss of use of, damage to, correction of, inability to access, or inability to manipulate electronic data.

This exclusion applies even if damages are claimed for notification costs, credit monitoring expenses, forensic expenses, public relations expenses or any other loss, cost or expense incurred by you or others arising out of that which is described in Paragraph **(1)** or **(2)** above.

However, unless Paragraph **(1)** above applies, this exclusion does not apply to damages because of "bodily injury". . . .

**B.** The following is added to Paragraph **2. Exclusions** of **Section I – Coverage B – Personal And Advertising Injury Liability**:

**2. Exclusions**

This insurance does not apply to:

**Access Or Disclosure Of Confidential Or Personal Information And Data-Related Liability**

"Personal and advertising injury" arising out of any access to or disclosure of any person's or organization's confidential or personal information, including patents, trade secrets, processing methods, customer lists, financial information, credit card

information, health information or any other type of nonpublic information.

This exclusion applies even if damages are claimed for notification costs, credit monitoring expenses, forensic expenses, public relations expenses or any other loss, cost or expense incurred by you or others arising out of any access to or disclosure of any person's or organization's confidential or personal information.

* * *

16. The CPP Policy also contains an Employment-Related Practices Exclusion (Form CG 21 47 12 07), which states as follows:

**EMPLOYMENT-RELATED PRACTICES EXCLUSION**

The endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**A.** The following exclusion is added to Paragraph **2.,** Exclusions of Section **I** – Coverage **A** – Bodily Injury And Property Damage Liability:

This insurance does not apply to:

"Bodily injury" to:

**(1)** A person arising out of any:

**(a)** Refusal to employ that person;

**(b)** Termination of that person's employment; or

**(c)** Employment-related practices, policies, acts or omission, such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation, discrimination or malicious prosecution directed at that person….

This exclusion applies:

**(1)** Whether the injury-causing event described in Paragraph **(a)**, **(b)** or **(c)** above occurs before employment, during employment or after employment of that person;

**(2)** Whether the insured may be liable as an employer or in any other capacity; and

**(3)** To any obligation to share damages with or repay someone else who must pay damages because of the injury.

**B.** The following exclusion is added to Paragraph **2.,** Exclusions of Section **I** – Coverage **B** – Personal And Advertising Injury Liability:

This insurance does not apply to:

"Personal and advertising injury" to:

**(1)** A person arising out of any:

**(a)** Refusal to employ that person;

**(b)** Termination of that person's employment; or

**(c)** Employment-related practices, policies, acts or omission, such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation, discrimination or malicious prosecution directed at that person….

This exclusion applies:

**(1)** Whether the injury-causing event described in Paragraph **(a)**, **(b)** or **(c)** above occurs before employment, during employment or after employment of that person;

**(2)** Whether the insured may be liable as an employer or in any other capacity; and

**(3)** To any obligation to share damages with or repay someone else who must pay damages because of the injury.

*   *   *

17. The CPP Policy also contains an Exclusion of Liability Coverage for Reasonably Expected Injury endorsement (Form 2-653 (9/94)), which states as follows:

**EXCLUSION OF LIABILITY COVERAGE FOR REASONABLY EXPECTED INJURY**

The endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE FORM….

It is agreed that EXCLUSION 1.a. in the Businessowners Liability Coverage Form and EXCLUSION 2.a. in all other Coverage Forms subject to this endorsement are deleted and replaced by the following exclusion:

**EXCLUSION**

This insurance does not apply to "bodily injury" or "property damage" which may reasonably be expected to result from the intentional or criminal acts of an "insured" or which is in fact intended by an insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

* * *

**THE COVERAGE DISPUTE**

18. Marble Works has notified HMIC of the *Rodriguez* Lawsuit, and HMIC seeks a declaration that HMIC does not have a duty to defend or indemnify Marble Works under the CPP Policy for the Underlying Lawsuit.

**COUNT I**
**DECLARATORY JUDGMENT**
**(The CPP Policy Does Not Cover Marble Works)**

19. HMIC restates, realleges and incorporates by reference herein the foregoing paragraphs 1 through 18, as though the same were fully set forth herein in this Count I.

20. HMIC does not have a duty to defend or indemnify Marble Works under the CPP Policy in connection with the Underlying Lawsuit for the following alternative reasons:

a. The Complaint in the Underlying Lawsuit does not allege "bodily injury," "property damage" or an "occurrence" as defined in and required by the CPP Policy;

b. The Complaint in the Underlying Lawsuit does not allege that "bodily injury" or "property damage" occurred during the September 1, 2023 to September 1, 2024 policy period as required by the CPP Policy;

c. The Complaint in the Underlying Lawsuit does not allege "personal and advertising injury" as defined in and required by the CPP Policy;

d. The Complaint in the Underlying Lawsuit does not allege "personal and advertising injury" caused by an offense that happened during the September 1, 2023, to September 1, 2024 policy period as required by the CPP Policy;

e. Coverage A Exclusion 2.e. (Employer's Liability) in the CPP Policy bars coverage for the Underlying Lawsuit;

f. Coverage A Exclusion 2.p (Recording And Distribution Of Material Or Information In Violation of Law ) in the CPP Policy bars coverage for the Underlying Lawsuit;

g. Coverage B Exclusion 2.a. (Knowing Violation of Rights of Another) in the CPP Policy bars coverage for the Underlying Lawsuit;

h. Coverage B Exclusion 2.c. (Material Published Prior to the Policy Period) in the CPP Policy bars coverage for the Underlying Lawsuit;

i. Coverage B Exclusion 2.p (Recording And Distribution Of Material Or Information In Violation of Law ) in the CPP Policy bars coverage for the Underlying Lawsuit;

j. The Exclusion – Access or Disclosure of Confidential or Personal Information and Data-Related Liability – With Limited Bodily Injury Exception in the CPP Policy bars coverage for the Underlying Lawsuit;

k. The Employment-Related Practices Exclusion in the CPP Policy bars coverage for the Underlying Lawsuit; and

l. The Exclusion of Liability Coverage For Reasonably Expected Injury in the CPP Policy bars coverage for the Underlying Lawsuit.

21. An actual controversy exists between the parties and this Court is vested with the power to declare the rights and liabilities of the parties hereto and to give such other and further relief as it deems necessary under the facts and circumstances.

WHEREFORE, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, the Plaintiff, Hastings Mutual Insurance Company, prays for the entry of an order and judgment in its favor and against the Defendants, Marble Works, and Juan Rodriguez, declaring as follows:

a. Hastings Mutual Insurance Company does not have a duty to defend Marble Works in connection with the lawsuit captioned: *Juan Rodriguez v. Marble Works, et al.*, pending in the Circuit Court of Kane County, Illinois as Case No. 2023-CH-000130;

b. Hastings Mutual Insurance Company does not have a duty to indemnify Marble Works in connection with the lawsuit captioned: *Juan Rodriguez v. Marble Works, et al.,* pending in the Circuit Court of Kane County, Illinois Case No. 2023-CH-000130; and

c. This Court grants such further relief as it deems just and appropriate.

Respectfully submitted,

CASSIDAY SCHADE LLP

By: /s/ John D. Hackett

One of the Attorneys for Plaintiff,
HASTINGS MUTUAL INSURANCE COMPANY

John D. Hackett
Robert G.S. Hartzer
CASSIDAY SCHADE LLP
222 West Adams Street, Suite 2900
Chicago, IL 60606
(312) 641-3100
(312) 444-1669 – Fax
jhackett@cassiday.com
rhartzer@cassiday.com

11889293